**Opinion issued July 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-24-00917-CR

———————————————

**ANTOINE JERMAINE DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Case No. 21-CCR-221009**

---

## MEMORANDUM OPINION

Appellant Antoine Jermaine Davis, proceeding pro se,[1] attempts to appeal

from the trial court's November 22, 2024 interlocutory order denying Defendant's

---

[1] The clerk's record indicates that appellant is represented by stand-by counsel in the trial court.

Motion to Dismiss for Lack of Subject Matter Jurisdiction. We dismiss for lack of jurisdiction.

Appellant is charged with the offense of fleeing from a police officer. Appellant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that certain evidence is inadmissible and that lack of probable cause violated the Texas Constitution and rendered the stop and all subsequent evidence invalid. The State responded, addressing appellant's arguments and allegations of an improper investigative stop, warrantless search, and lack of probable cause. The State concluded that appellant had not established a right to dismissal.

Appellant replied to the State's response asserting that there was no justiciable controversy and thus, no basis for the trial court to proceed, the original traffic citation and marijuana charge were dismissed which indicates lack of evidence, and thus, the trial court lacked subject-matter jurisdiction. Appellant further argued that a traffic stop did not constitute probable cause for a broader detention or search, there was no affidavit of probable cause, his due process rights were violated by the warrantless search and lack of judicial authorization, the police officers violated the Constitution by conducting an arrest and search without proper justification, and any evidence obtained as a result of the warrantless search should be suppressed.

We do not address the merits of this appeal because we conclude that we lack jurisdiction. A criminal defendant has the right to appeal a judgment of conviction

2

or other appealable order.  *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2).  An appellate court does not have jurisdiction to review an interlocutory order in criminal cases unless jurisdiction has been expressly granted to it by law. *See Ex parte Apolinar v. State*, 920 S.W.2d 792, 794 (Tex. Crim. App. 1991). Because no statute permits an appeal from the interlocutory order challenged by appellant, we lack jurisdiction over this appeal and must dismiss.

We dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Do not publish.  TEX. R. APP. P. 47.2(b).